Case 1:18-cv-07659-KPF   Document 1-1   Filed 08/23/18   Page 1 of 16

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------- x

LAZAR KHANULCAY,

                                        Plaintiff,

                    -against-                          **SUMMONS**

THE CITY OF NEW YORK, DETECTIVE PAUL            Index No.:
RIVERA, Tax No. 940050, SERGEANT VISAR MARKU,
Tax No. 942126, UNDERCOVER POLICE OFFICER       The Basis of Venue is:
Shield No. 305, and POLICE OFFICERS JOHN DOES   Location of Incident
NUMBERS ONE THROUGH TEN,

                                   Defendants.   Plaintiff designates New York
                                                 County as the place of trial.

------------------------------------------------------------------- X


**To the above named Defendants:**

        **You are hereby summoned** to answer the Verified Complaint in this action, and to serve
a copy of your Verified Answer to the Verified Complaint, or, if the Verified Complaint is not
served with this Summons, to serve a notice of appearance on the Plaintiff's attorneys within
twenty days after the service of this Summons, exclusive of the day of service, where service is
made by delivery upon you personally within the state, or, within 30 days after completion of
service where service is made in any other manner.  In case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
        April 2, 2018

                                        Yours, etc.


                                        _____/s/_____
                                        JACOBS & HAZAN, LLP.
                                        STUART E. JACOBS, ESQ.
                                        Attorney for Plaintiff
                                        30 Vesey Street, 4th Floor
                                        New York, New York 10007
                                        (212) 577-2690


TO:     City of New York, Corporation Counsel, 100 Church Street, NY, NY  10007
        DETECTIVE PAUL RIVERA, Tax No. 940050, Narcotics Borough Manhattan South,
        One Police Plaza, New York, NY 10038

SERGEANT VISAR MARKU, Tax No. 942126, Narcotics Borough Manhattan South, One Police Plaza, New York, NY 10038
UNDERCOVER POLICE OFFICER Shield No. 305, Narcotics Borough Manhattan South, One Police Plaza, New York, NY 10038

- 2 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------- x

LAZAR KHANULCAY,

                                                    **INDEX NO.:**

                                    Plaintiff,      VERIFIED COMPLAINT

            -against-

THE CITY OF NEW YORK, DETECTIVE PAUL       **JURY TRIAL DEMANDED**
RIVERA, Tax No. 940050, SERGEANT VISAR MARKU,
Tax No. 942126, UNDERCOVER POLICE OFFICER
Shield No. 305, and POLICE OFFICERS JOHN DOES
NUMBERS ONE THROUGH TEN,

                                    Defendants.

---------------------------------------------------------------------- X

       Plaintiff LAZAR KHANULCAY, by his attorneys, Jacobs & Hazan, LLP, as and for his Verified Complaint herein, alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

       1. This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988, and of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. On November 17, 2015, at approximately 9:00 a.m., plaintiff Lazar Khanulcay, while lawfully present in the vicinity of West 33rd Street and 7th Avenue, New York, New York, was subject to an unlawful stop, question, frisk, search, strip search, false arrest, and false imprisonment by the defendant New York City police officers. Additionally, plaintiff was subjected to the use of excessive force by the defendants when they slammed plaintiff against a window, causing him to suffer severe injuries to his face and chest. Plaintiff was subjected to malicious prosecution and denied the right to due process and a fair trial. All criminal charges against plaintiff were dismissed and sealed in their entirety on July 19, 2017. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully stopped, questioned, frisked, searched, confined, falsely arrested, maliciously prosecuted, denied plaintiff the right to due process and used excessive force against plaintiff in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## PARTIES

       2. Plaintiff LAZAR KHANULCAY is a resident of the state of New York.

3. DETECTIVE PAUL RIVERA, Tax No. 940050, is and was at all times relevant herein, an officer, employee, and agent of the New York City Police Department.

4. DETECTIVE PAUL RIVERA, Tax No. 940050, was at all times relevant herein, assigned to Narcotics Borough Manhattan South.

5. DETECTIVE PAUL RIVERA, Tax No. 940050, is being sued in his individual and official capacity.

6. SERGEANT VISAR MARKU, Tax No. 942126, is and was at all times relevant herein, an officer, employee, and agent of the New York City Police Department.

7. SERGEANT VISAR MARKU, Tax No. 942126, is and was at all times relevant herein, assigned to Narcotics Borough Manhattan South.

8. SERGEANT VISAR MARKU, Tax No. 942126, is being sued in his individual and official capacity.

9. UNDERCOVER POLICE OFFICER Shield No. 305 is and was at all times relevant herein, an officer, employee, and agent of the New York City Police Department.

10. UNDERCOVER POLICE OFFICER Shield No. 305 is and was at all times relevant herein, assigned to Narcotics Borough Manhattan South.

11. UNDERCOVER POLICE OFFICER Shield No. 305 is being sued in his individual and official capacity.

12. New York City Police Officers John Does #1-10 are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

13. Police Officers John Does #1-10 are being sued in their individual and official capacities.

14. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

15. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of

- 4 -

a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

16. Plaintiff in furtherance of his causes of action brought pursuant to New York State law filed a timely Notice of Claim against the CITY OF NEW YORK in compliance with the Municipal Law Section 50 and in accordance with New York State law.

17. In accordance with New York State law and General Municipal Law Section 50, plaintiff testified at a hearing held pursuant to General Municipal Law Section 50-H on November 4, 2016.

18. More than thirty (30) days have elapsed since service of said Notice of Claim was filed and THE CITY OF NEW YORK has failed to pay or adjust the claims.

19. This action falls within one or more of the exceptions as set forth in CPLR Section 1602, involving intentional actions, as well as the defendant, and/or defendants, having acted in reckless disregard for the safety of others, as well as having performed intentional acts.

20. Plaintiff has sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

## STATEMENT OF FACTS

21. On November 17, 2015, at approximately 9:00 a.m., plaintiff was lawfully present in the vicinity of West 33rd Street and 7th Avenue, New York, New York, when the defendant police officers unlawfully stopped, questioned, frisked, and searched plaintiff without reasonable suspicion, probable cause, or any legal justification.

22. By way of background, a few minutes prior to the incident, an individual now known to be defendant UNDERCOVER POLICE OFFICER No. 305 attempted to solicit drugs from plaintiff and gave him money.

23. Notably, plaintiff stated to the defendant police officer several times that he is not in possession of any drugs, nor would he provide any drugs or other contraband to defendant in any capacity.

24. Plaintiff told UNDERCOVER POLICE OFFICER Shield No. 305 that he would not return with any drugs or other contraband, but Undercover Police Officer Shield No. 305 insisted that plaintiff keep the money any way.

25. Plaintiff then walked towards the 34th Street – Penn Station Subway Station.

26. Suddenly, without provocation or legal justification, the defendants grabbed plaintiff from behind and slammed him into a glass window inside the subway station, causing

- 5 -

severe pain and injuries to plaintiff's chest and the left side of his face, and stopped, questioned, and frisked plaintiff.

27. The officers did not recover any illegal drugs, weapons or contraband from plaintiff or from his possession, custody, or control.

28. At no time relevant herein did plaintiff commit a crime or violate the law in any way.

29. At no time did plaintiff act in a physically threatening manner nor did the defendant officers have any objective factual basis to believe plaintiff was a physical threat to them.

30. Nevertheless, plaintiff was unlawfully arrested and handcuffed by defendant officers without legal justification or probable cause.

31. The handcuffs placed on plaintiff were unreasonably tight on plaintiff's wrists, causing plaintiff to suffer pain and discomfort.

32. Plaintiff told the defendant police officers that the handcuffs were hurting his wrists, and asked the defendant police officers to loosen the handcuffs, but the defendant police officers ignored plaintiff and failed to loosen the handcuffs.

33. The unreasonably tight handcuffs were the direct and proximate cause of the serious injuries to plaintiff's wrists.

34. Plaintiff was transported by the defendant police officers to the Manhattan Midtown South Precinct against his will, where he was photographed, fingerprinted, search, and placed in a holding cell.

35. At the precinct, defendants conducted a strip search of plaintiff even though they did not recover any weapons, drugs, or contraband from plaintiff during the initial search, and had no reason to believe plaintiff was hiding contraband on his person, causing humiliation and emotional distress.

36. After several hours in custody, plaintiff was transported from the Manhattan Midtown South Precinct to New York County Central Booking and placed in a holding cell.

37. The defendant police officers provided the District Attorney's Office with the false, misleading and/or incomplete information that plaintiff interfered with an arrest and resisted arrest, which allegedly led them to believe that plaintiff committed a crime.

38. Based upon the false, misleading and/or incomplete information provided to the District Attorney's Office by the defendant police officers, a prosecution was initiated against plaintiff.

- 6 -

Case 1:18-cv-07659-KPF   Document 1-1   Filed 08/23/18   Page 7 of 16

39. On November 18, 2015 at approximately 12:00 a.m., after being unlawfully detained for approximately 15 hours, plaintiff was arraigned in New York County Criminal Court and charged with crimes he did not commit.

40. The officers maliciously and unlawfully charged plaintiff with Petit Larceny and Criminal Possession of Stolen Property, without probable cause or legal justification.

41. The judge set bail of $1000, which plaintiff was unable to post, and plaintiff was remanded to Riker's Island.

42. On November 18, 2015, at approximately 11:30 p.m., after 39 hours in unlawful custody, plaintiff was able to post bail and was released.

43. On November 20, 2015, still experiencing severe pain in his face, wrists and chest, plaintiff went to Coney Island Hospital for treatment of his injuries caused by the defendants.

44. Plaintiff was prescribed pain medication and advised to undergo x-rays of his chest and CT scan of his head.

45. Thereafter, plaintiff appeared in Criminal Court on approximately six occasions until all charges against plaintiff were dismissed and sealed in their entirety on July 19, 2016.

46. As result of his false arrest and malicious prosecution, plaintiff was forced to post bail, which cost plaintiff approximately $500.

47. As result of the excessive force used against plaintiff by defendant officers, plaintiff suffered severe swelling and bruising to the left side of his face and bruising to his chest and wrists.

48. Some of the police officer defendants observed the violation of plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent the unjustifiable search, seizure, false arrest and imprisonment, malicious prosecution, excessive force, denial of due process and the right to a fair trial against plaintiff.

49. The unlawful search, false arrest, and false imprisonment, denial of a right to fair trial, malicious prosecution, and excessive force of plaintiff by the individually named defendants caused plaintiff to sustain physical, psychological and emotional trauma.

- 7 -

INDEX NO. 152984/2018
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 04/02/2018

# FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

50. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 49 with the same force and effect as if more fully set forth at length herein.

51. The individually named police officer defendants while acting in concert and within the scope of their authority, caused plaintiff to be unlawfully stopped, questioned, and frisked, unlawfully seized, unlawfully searched, falsely arrested, falsely imprisoned, and maliciously prosecuted plaintiff, without reasonable suspicion and/or probable cause, in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

52. As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to physical, emotional, psychological and economic injuries.

# SECOND CAUSE OF ACTION

## False Arrest and False Imprisonment

53. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 52 with the same force and effect as if more fully set forth at length herein.

54. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

55. As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York and the United States Constitution.

56. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

57. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

58. As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to physical, economic, emotional and psychological injuries

- 8 -

## THIRD CAUSE OF ACTION

### Unlawful Stop, Question, and Frisk

59. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 59 with the same force and effect as if more fully set forth at length herein.

60. The illegal approach, pursuit, stop, questioning and frisk employed by defendants herein terminated plaintiff's freedom of movement through means intentionally applied.

61. The conduct of defendants in stopping, frisking, and searching plaintiff were performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

62. As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York.

63. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

64. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

65. As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to physical, economic, emotional and psychological injuries.

## FOURTH CAUSE OF ACTION

### Unlawful Search

66. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 65 with the same force and effect as if more fully set forth at length herein.

67. The illegal approach, pursuit, stop and search employed by defendants herein terminated plaintiff's freedom of movement through means intentionally applied.

68. Defendants lacked probable cause to search plaintiff.

69. As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York.

- 9 -

70. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

71. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

72. As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## FIFTH CAUSE OF ACTION

### Malicious Prosecution

73. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 72 with the same force and effect as if more fully set forth at length herein.

74. The acts and conduct of the defendants constitute malicious prosecution under the laws of the United States Constitution, State of New York and New York State common law.

75. Defendants commenced and continued a criminal proceeding against plaintiff.

76. There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

77. The prosecution and criminal proceedings terminated in plaintiff's favor on the aforementioned date.

78. Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate plaintiff's Fourth Amendment rights.

79. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

80. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

81. As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

- 10 -

## SIXTH CAUSE OF ACTION

### Violation of Plaintiff's Fourth And Fourteenth Amendment Rights

82. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 81 with the same force and effect as if more fully set forth at length herein.

83. The use of excessive force by defendants by slamming plaintiff into a window, handcuffing plaintiff in an excessively tight and painful manner, and by using unreasonable force throughout the course of plaintiff's arrest is an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

84. Defendants were at all times agents, servants, and employees acting within the scope of his employment by the City of New York and the New York City Police Department, which are therefore responsible for his conduct.

85. As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to physical, emotional, psychological and economic injuries.

## SEVENTH CAUSE OF ACTION

### Denial of Right to Fair Trial/Due Process

86. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 85 with the same force and effect as if more fully set forth at length herein

87. Defendants, individually and collectively, manufactured and/or withheld false evidence and forwarded this false evidence to prosecutors in the New York County District Attorney's Office.

88. Defendants filled out false and misleading police reports and forwarded them to prosecutors in the New York County District Attorney's Office.

89. Defendants signed false and misleading criminal court affidavits and forwarded them to prosecutors in the New York County District Attorney's Office.

90. In withholding/creating false evidence against plaintiff Lazar Khanulcay, and in providing/withholding information with respect thereto, defendants violated plaintiff's constitutional right to due process and fair trial under the New York State Constitution and under the Due Process Clause of the Fifth Amendment to the Constitution of the United States and to

- 11 -

be free to deprivation of liberty under the Fourteenth Amendment to the United States Constitution.

91. As a result of the foregoing, plaintiff Lazar Khanulcay, sustained, inter alia, loss of the right to due process and a fair trial, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of his constitutional rights.

92. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

93. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

94. As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## EIGHTH CAUSE OF ACTION

### Unlawful Strip Search

95. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 94 with the same force and effect as if more fully set forth at length herein.

96. Plaintiff was strip-searched by defendants without an individualized reasonable suspicion that plaintiff was concealing weapons or other contraband based on a crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest.

97. As a result of the foregoing, plaintiff was deprived of his Constitutional rights and he sustained great emotional injuries.

## NINTH CAUSE OF ACTION

### Failure to Intervene

98. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 97 with the same force and effect as if more fully set forth at length herein.

99. The defendants that did not physically touch plaintiff, but were present when other officers violated plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

- 12 -

100.    Defendants failed to intervene to prevent the unlawful conduct described herein.

101.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

102.    As a direct and proximate result of such acts, defendants deprived plaintiff of his rights under the laws of the State of New York.

103.    Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

104.    The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

105.    As a result of the aforementioned conduct of defendants, plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## TENTH CAUSE OF ACTION

### Municipal Liability under 42 U.S.C. § 1983

106.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 105 with the same force and effect as if more fully set forth at length herein.

107.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant City of New York, which is forbidden by the Constitution of the United States.

108.    The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department included, but were not limited to, illegally stopping, questioning, searching, and arresting individuals without a specific, articulable factual basis supporting reasonable suspicion and/or probable cause that plaintiff committed a crime and fabricating allegations against an individual to justify the amount of force used during an arrest, as well as inadequate screening, hiring, retaining, training, and supervising its employees with respect to these issues.

109.    The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of defendant City of New York and the New York City Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant

- 13 -

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 04/02/2018

City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

110.    The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

111.    The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

112.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully stopped, questioned, searched and arrested.

113.    Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiff's constitutional rights.

## **JURY DEMAND**

114.    Plaintiff hereby demands trial by jury of all issues properly triable thereby.

- 14 -

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Lazar Khanulcay demands judgment against the defendants on each cause of action in amounts to be determined upon the trial of this action which exceeds the jurisdiction of lower courts, inclusive of punitive damages and attorneys' fees inclusive of costs and disbursements of this action, interest and such other relief as is appropriate under the law. That the plaintiff recover the cost of the suit herein, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

Dated:     New York, New York
          April 2, 2018

By:            /s/

STUART E. JACOBS
DAVID M. HAZAN
JACOBS & HAZAN, LLP
Attorneys for Plaintiff
30 Vesey Street, 4th Floor
New York, NY 10007
(212) 577-2690

TO:    City of New York, Corporation Counsel, 100 Church Street, NY, NY 10007
       DETECTIVE PAUL RIVERA, Tax No. 940050, Narcotics Borough Manhattan South, One Police Plaza, New York, NY 10038
       SERGEANT VISAR MARKU, Tax No. 942126, Narcotics Borough Manhattan South, One Police Plaza, New York, NY 10038
       Undercover Police Officer Shield No. 305, Narcotics Borough Manhattan South, One Police Plaza, New York, NY 10038

- 15 -

## ATTORNEY'S VERIFICATION

**STUART E. JACOBS,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a partner of the law firm of **JACOBS & HAZAN, LLP**, I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is because plaintiff does not reside in the county wherein I maintain my office.

DATED: New York, New York
      April 2, 2018

_____/s/_____
STUART E. JACOBS

- 16 -